

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LENORA LANIER,

                Plaintiff,

      v.

CITY OF NEW YORK; NEW YORK CITY
HUMAN RESOURCES ADMINISTRATION;
D'AGOSTINO & ASSOCIATES, P.C.;
SCHOOL SETTLEMENT HOME
ATTENDANT SERVICES CORP.; BE-JEAN
R. DUMAS, Director McCullen Gross;
ALESIA BROWN, Co-Ordinator; ANNA
GARCA, Co-Ordinator; BAMUNDO, ZWAL
& SCHERMERHORN, LLP; and
BARTHOLOMEU T. RUSSO,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

20-CV-348 (WFK)(VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Lenora LaNier, proceeding *pro se*, filed the above-captioned action on January 22, 2020. She paid the filing fee to commence this action. For the reasons set forth below, the Complaint is dismissed, with leave to file an amended complaint within 30 days.

## BACKGROUND

The Complaint fails to clearly set out the factual background or legal arguments. Through careful reading, the Court understands Plaintiff to be alleging the following facts:

1. New York City and School Settlement Home Attendant Services Corp., a company that provides home-care services, caused unspecified injury to Plaintiff's mother, Marion Dudley, in 2011 and 2013, which contributed to her death in 2015.

2. Plaintiff's brother, George Heath, retained Defendant D'Agostino and Associates, P.C. to represent him and Dudley in litigation related to those injuries in New York State court.

3. D'Agostino and Associates negotiated settlements with the City of New York, but the settlement funds were not immediately remitted to Dudley and Heath because Medicare and/or Medicaid sought repayment of funds previously disbursed for Dudley's care.

4. When Dudley died on March 24, 2015, Heath's Power of Attorney was no longer valid. Accordingly, D'Agostino and Associates sought to involve Plaintiff, as administrator of Dudley's estate, in the legal cases. This action put Plaintiff and Heath into conflict with each other over their mother's estate.

5. D'Agostino and Associates induced Plaintiff to enter an arrangement with a "finance institute in Texas" that may have been fraudulent.

6. Heath has extensively litigated these issues in state and federal courts, including a pending lawsuit in this Court in which he named and subsequently dismissed Plaintiff as a defendant. *See Heath v. D'Agostino and Associates, P.C.*, 18-CV-3957-MKB-PK.

The Complaint proposes two Causes of Action, but it is difficult to understand the claims contained in each. The Court attempts to summarize them as follows:

1. Defendants New York City and D'Agostino & Associates conspired to violate Plaintiff's right to due process in unspecified court proceedings, and Defendants New York City Human Resources Administration, D'Agostino & Associates, and Bartholomeu T. Russo induced her to get involved in an unspecified financial arrangement with a Texas company.

2. D'Agostino & Associates violated Plaintiff's constitutional rights under the First Amendment by representing her without her consent in state court and, at the same time, by failing to represent her when she and they were both named as defendants in Heath's federal lawsuit.

Plaintiff demands $35,000,000.00 in compensatory and punitive damages.

## DISCUSSION

### A. Standard of Review

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twomblv*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." *Id.* Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 requires the complaint include factual information which states a possible claim to relief. It is not enough to say the defendant harmed me; the claim must include factual details that, if true, would show the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). A cause of action is properly deemed frivolous as a matter of law when it is "based on an indisputably meritless legal theory"—when it "lacks

3

an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. To invoke federal question jurisdiction, the complaint must have a claim based on a federal law. 28 U.S.C. § 1331. To invoke diversity jurisdiction, the plaintiff must have complete diversity of citizenship from the defendants, which means all the defendants must live in a different state than the plaintiff. 28 U.S.C. § 1332. Also, the claim for money damages, which is called the amount in controversy, must be for more than $75,000.00. 28 U.S.C. § 1332. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## B. Constitutional Claims

The instant Complaint fails to conform with Rule 8 and does not suggest any valid basis for this Court's subject matter jurisdiction. Plaintiff's two causes of action purport to allege violations of her constitutional rights. The First Cause of Action asserts the City of New York and D'Agostino & Associates violated her right to due process.[1] The Second Cause of Action asserts D'Agostino & Associates violated her right to free speech.

As an initial matter, the Court finds none of the named defendants are amenable to suit under 42 U.S.C. § 1983. In order to maintain a civil rights action under § 1983, a plaintiff must allege the conduct was committed by "a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United

---

[1] The second part of the First Cause of Action alleges Plaintiff's involvement in an unspecified financial arrangement that may have been fraudulent. Even if some of the defendants "orchestrated a systematic scheme to induct [Plaintiff] into contractual agreements," Compl. at 6, it is hard to imagine any constitutional implications.

4

States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). The Supreme Court held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). A municipality can be liable under § 1983 only if a plaintiff can show a municipal policy or custom caused the deprivation of his or her constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)), *cert. denied*, 565 U.S. 1259 (2012). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Plaintiff's constitutional claims against Defendant City of New York and one of its agencies are vague. Plaintiff has not alleged any official municipal policy or practice caused her constitutional injury. Accordingly, Defendants City of New York and New York City Human Resources Administration must both be dismissed as defendants in a § 1983 action. Plaintiff alleges Defendant D'Agostino & Associates violated her constitutional rights, but this private law firm also is not amenable to suit under § 1983. Plaintiff never explains what the remaining defendants did to her, but they all appear to be private individuals or entities, and thus they cannot be liable under § 1983.

Plaintiff suggests she is bringing her claims under 42 U.S.C. § 1985. Section 1985 applies to conspiracies to interfere with an individual's constitutional rights and may include

5

conspiracies by private actors. However, none of its three provisions applies in this case. Section 1985(1) addresses conspiracies to interfere with federal officers. Section 1985(2) has two components. The first clause addresses conspiracies to obstruct justice or to intimidate witnesses or jurors or other parties in federal court proceedings. 42 U.S.C. § 1985(1). The second clause concerns conspiracies to obstruct "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3) provides a remedy to redress conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The equal protection components of Section 1985(3) and the second part of Section 1985(2) require the plaintiff to show the conspiracy was motivated by racial or otherwise class-based animus. *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 834–35 (1983) (Section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." (citation omitted)); *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) (requiring racial, ethnic, or class-based animus for the second part of Section 1985(2)).

The provisions related to federal officers and federal court proceedings do not apply to this case. While Plaintiff was briefly named in a federal court proceeding brought by her brother, she has not alleged any of the defendants denied her access to justice in that case. Indeed, she was dismissed as a defendant and faces no further liability in the case. She has not suggested defendants conspired against her because of her race or other class-based animus. Thus, none of the provisions of 42 U.S.C. § 1985 provides a basis for jurisdiction.

## C. Leave to Amend

In light of Plaintiff's *pro se* status, the Court has considered other possible bases for its jurisdiction over the case. Nothing in the Complaint hints at any other violation of federal law or federal cause of action. The Court has also considered diversity jurisdiction. Plaintiff states she is a resident of Arizona and provides New York addresses for some of the defendants. She demands $35 million in damages, but she has not given details of any specific injury that would plausibly amount to more than the $75,000.00 threshold to invoke diversity jurisdiction. She vaguely alleges "contractual agreements," "fraudulent" activities, and "mental trauma," but does not provide any details of these possible state law claims or indicate whether they arose within the time limits established by the relevant statutes of limitations.[2] Accordingly, the Court grants Plaintiff 30 days leave to file an amended complaint conforming with Rule 8(a) of the Federal Rules of Civil Procedure. It must clearly state the grounds for relief and include specific factual details, including how Plaintiff was harmed, when she was harmed, and who caused the harm. Plaintiff should provide supporting details, such as retainer agreements or other contracts, if available. Any amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order. An amended complaint completely replaces the prior pleadings.

## CONCLUSION

The Complaint as drafted fails to comply with Rule 8 or provide a valid basis for this Court's jurisdiction. Accordingly, the Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3), with leave to replead within 30 days. All further proceedings shall be stayed

---

[2] The statute of limitations for tort claims in New York is three years. *See* N.Y. C.P.L.R. § 214(5) (actions for personal injury or injury to property must be commenced within three years). Actions for fraud or breach of contract must be commenced within six years. *See* N.Y. C.P.L.R. § 213.

for 30 days. If Plaintiff fails to file an amended complaint within the time allotted, the Court will enter judgment dismissing this action without prejudice for lack of subject matter jurisdiction. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/WFK
WILLAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
February 20, 2020